## UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

| | |
|---|---|
| **MARGARET THOMAS** | : |
| **Plaintiff,** | : |
| | : |
| **vs** | :   **C.A. No.** |
| | : |
| **VERIZON MANAGEMENT PENSION** | : |
| **PLAN, VERIZON COMMUNICATIONS INC.,** | : |
| **as Sponsor of the Verizon Management Pension** | : |
| **Plan, and VERIZON CLAIMS REVIEW** | : |
| **COMMITTEE,** | : |
| **Defendants,** | : |

## COMPLAINT

## INTRODUCTION

1.      This case arises out of Defendants' refusal to pay a mandatory survivor benefit to the surviving spouse of a pension plan participant.  Plaintiff Margaret Thomas ("Plaintiff" or "Ms. Thomas") was legally married to Gilbert Pemberton ("Mr. Pemberton"), who passed away on February 21, 2019.  Mr. Pemberton was a longtime employee of Verizon Communications Inc. ("Verizon") and was fully vested in the Verizon Management Pension Plan (the "Plan") when he retired on June 1, 1990.  Mr. Pemberton received pension benefits from his retirement through his date of death.   As Mr. Pemberton's surviving spouse, Ms. Thomas has been and remains entitled to a survivor benefit beginning on the date that Mr. Pemberton passed away.

## JURISDICTION

2.      Plaintiff brings this action for declaratory, injunctive, and monetary relief pursuant to § 502(a)(1)(B) and § 502(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132(a)(1)(B) and 1132(a)(3).  This Court has

subject matter jurisdiction over Plaintiff's claims pursuant to ERISA §§ 502(e) and (f), 29 U.S.C. §§ 1132(e) and (f), and 28 U.S.C. § 1331.

## PARTIES

3.     At all relevant times, Ms. Thomas has been a beneficiary, as defined by ERISA § 3(8), 29 U.S.C. § 1002(8), of the Plan.  At all relevant times, Mr. Pemberton, Ms. Thomas's late spouse, was a participant, as defined by ERISA § 3(7), 29 U.S.C. § 1002(7), in the Plan.  Ms. Thomas resides in Rumford, Rhode Island.

4.     At all relevant times, Defendant Verizon Management Pension Plan ("the Plan") has been an employee pension benefit plan within the meaning of ERISA § 3(2)(A), 29 U.S.C. § 1002(2)(A).

5.     At all relevant times, the Plan offered, *inter alia,* pension benefits to Verizon employees and their spouses, including Mr. Pemberton and Ms. Thomas.

6.     At all relevant times, Defendant Verizon Communications Inc., as Sponsor of the Verizon Management Pension Plan ("Verizon" or "the Company") has been a fiduciary of the Plan.  It is a named administrator of the Plan within the meaning of ERISA § 3(16)(A), 29 U.S.C. § 1002(16)(A), and/or the Plan sponsor within the meaning of ERISA § 3(16)(B), 29. U.S.C. § 1002(16)(B).

7.     At all relevant times, Defendant Verizon Claims Review Committee ("Committee") has been a fiduciary of the Plan.  The Committee received, evaluated, and denied Ms. Thomas's appeal of the original denial of her claim for a surviving spouse's pension benefits under the Plan.

## FACTS

8       Ms. Thomas repeats, realleges, and incorporates by reference each and every allegation herein pleaded.

9.      Ms. Thomas is the surviving spouse of Mr. Pemberton

10.     Mr. Pemberton was an employee of Verizon until his retirement on June 1, 1990.

11.     At all times material hereto, Verizon provided the Plan to its employees, including Mr. Pemberton.

12.     Prior to his retirement, Mr. Pemberton was presented with the Plan's benefit options in a correspondence dated February 15, 1990, ("Option Letter"). One of the mandatory options was to elect or decline a survivor benefit.

13.     Mr. Pemberton was required to complete two (2) Forms 990M ("Survivor Benefit Waiver").  The Survivor Benefit Waiver required notarized signatures from Mr. Pemberton and Ms. Thomas if they wished to decline Ms. Thomas's surviving spouse benefit.

14.     The Option Letter further confirmed, in pertinent part, that if Mr. Pemberton failed to make a choice regarding the surviving spouse benefit by the conclusion of the election period, and if he had a spouse at that time, pursuant to 29 U.S. Code 1055, Verizon was obligated to assume that Mr. Pemberton wanted the surviving spouse benefit for Ms. Thomas.

15.     Ms. Thomas never signed a Survivor Benefit Waiver.

16.     Mr. Pemberton died on February 21, 2019.

17.     Following Mr. Pemberton's death, Ms. Thomas made multiple requests to Verizon to obtain her surviving spouse benefit.

18.     At all times material hereto, Verizon refused to provide the surviving spouse benefit to which she was entitled.

19.     Ms. Thomas requested that Verizon provide her with a duly executed Survivor Benefit Waiver.

20.     Verizon failed to provide Ms. Thomas with the Survivor Benefit Waiver and continued to deny her request for her surviving spouse benefit.

**FIRST CLAIM FOR RELIEF**
**[Claim for Benefits Pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), against Defendants]**

21.     Ms. Thomas repeats, realleges, and incorporates by reference herein each and every allegation herein pleaded.

22.     Plaintiff has exhausted her administrative remedies.

23.     ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), permits a plan participant to bring a civil action to recover benefits due to her under the terms of a plan, to enforce her rights under the terms of a plan, and/or to clarify her rights to future benefits under the terms of a plan.

24.     ERISA requires the Plan, a defined benefit plan, to provide a qualified survivor annuity to all married participants who are vested and die before the annuity starting date, unless the participant has waived the benefit and the spouse consented to the waiver.  ERISA § 205(a)(2), 29 U.S.C. § 1055(a)(2).

25.     Absent a Survivor Benefit Waiver executed by Mr. Pemberton and Ms. Thomas, the law requires the presumption of the election of the survivor benefit.

26.     Defendants have failed to produce the Survivor Benefit Waiver.

27.     Thus, as Mr. Pemberton's surviving spouse, Ms. Thomas is entitled to the surviving spouse benefit under the Plan.

28.     By denying Ms. Thomas her surviving spouse benefit under the Plan, Defendants have violated, and continue to violate, the terms of the Plan, governing law regarding ERISA's mandatory spousal benefits, and/or Ms. Thomas's rights under the Plan.

### SECOND CLAIM FOR RELIEF
**[Claim for Breach of Fiduciary Duty Pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), against Defendants, for Failure to Administer Plan in Accordance with Applicable Law]**

29.     Ms. Thomas repeats, realleges, and incorporates by reference herein each and every allegation herein pleaded.

30.     ERISA § 404(a), 29 U.S.C. § 1004(a), requires that a fiduciary discharge its duties with respect to a plan solely in the interest of the participants and beneficiaries, for the exclusive purpose of providing benefits to participants and fiduciaries and defraying reasonable expenses of administering the plan, and in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with other provisions of ERISA.

31.     ERISA § 502(a)(3), 29. U.S.C. § 1132(a)(3), authorizes a beneficiary of a plan to file suit to "enjoin any act or practice" that violates Title I of ERISA or the terms of a plan, and/or to obtain "other appropriate relief" to redress such violations.  ERISA § 205(a)(2), 29 U.S.C. § 1055(a)(2), is part of Title I of ERISA.

32.     By engaging in the acts and omissions described above, including, but not limited to, refusing to provide Ms. Thomas with her surviving spouse benefit mandated by

ERISA and the Plan, Defendants have breached their fiduciary duty to Ms. Thomas and have violated Title I of ERISA.

33.     As a result of Defendants' breach of fiduciary duty and violations of Title I of ERISA, Plaintiff has been harmed.

WHEREFORE, Plaintiff, Margaret Thomas, respectfully requests that this Honorable Court:

1.     Enter judgment in favor of Plaintiff and against the Defendants on each and every count contained herein;

2.     Enjoin the Defendants from refusing to provide Ms. Thomas with her surviving spouse benefit under the Plan;

2.     Award the Plaintiff compensatory damages, plus costs and attorneys' fees; and

3.     Grant such other and further relief as this Honorable Court deems just and proper.

## <u>JURY CLAIM</u>

**PLAINTIFF HEREBY DEMANDS A JURY TRIAL AS TO ALL TRIABLE ISSUES OF RIGHT.**

Plaintiff,
Margaret Thomas,
By her Attorneys,


/s/ Jeffrey D. Sowa
Jeffrey D. Sowa, Esq. #5764
Heather M. Spellman, Esq. #6461
LaPlante Sowa Goldman
78 Kenwood Street
Cranston, RI 02907
TEL:   (401) 273-0200
FAX:   (401) 273-0250
EMAIL:        *jsowa@lsglaw.com*
              *hspellman@lsglaw.com*


Dated:  April 8, 2022